# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

KAREN L. HEYE-RYBERG,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

2:17-cv-02510-APG-VCF

**REPORT & RECOMMENDATION**

    This matter involves Plaintiff Karen Heye-Ryberg's appeal from the Commissioner's final decision denying Heye-Ryberg's social security benefits. Before the Court are Heye-Ryberg's Motion for Summary Judgement (ECF No. 19) and the Commissioner's Cross-Motion to Affirm (ECF No. 20). For the reasons stated below, the Court recommends denying Heye-Ryberg's Motion for Summary Judgment and granting the Commissioner's Cross-Motion to Affirm.

## STANDARD OF REVIEW

    The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[I]t is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014))). The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence).

If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. (*See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

In this case, the Administrative Law Judge ("ALJ") followed the five-step sequential evaluation outlined in 20 C.F.R. § 404.1520. The ALJ found that Heye-Ryberg did not engage in substantial gainful activity since the alleged onset date. (ECF No. 16-1 at 25). The ALJ found that Heye-Ryberg suffered from medically determinable severe impairments consisting of psoriatic arthritis, gastric ulcers, and obesity, but these impairments did not meet or equal any of the "listed" impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 26-29). The ALJ determined that Heye-Ryberg possessed the following residual functional capacity:

> [C]laimant has the residual functional capacity to perform sedentary work…except the individual can perform lifting up to 10 pounds occasionally, up to 10 pounds frequently, standing and walking up to three hours of an eight-hour workday, and sitting up to six hours of an eight-hour workday. She can perform occasional climbing of stairs or ramps, but no climbing of ladders, ropes or scaffolds. She can perform frequent stooping, frequent kneeling, occasional crouching, no crawling, frequent handling and fingering. She can have occasional exposure to temperature extremes, but no exposure to hazards such as heights or dangerous moving machinery. Additionally, she can have occasional exposure to vibration.

(*Id.* at 29). The ALJ determined that Heye-Ryberg would be able to perform past relevant work, and was, therefore, not under a disability. (*Id.* at 36-37).

Heye-Ryberg argues that the ALJ's evaluation of the treating physician's opinions is not supported by substantial evidence. (ECF No. 19 at 5-13). The Commission argues that the ALJ properly weighed the medical evidence in concluding that Heye-Ryberg is not disabled. (ECF No. 20 at 4-10).

A treating physician's medical opinion as to the nature and severity of an individual's impairment is entitled to controlling weight when that opinion is well-supported and not inconsistent with other substantial evidence in the record. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). "The rationale for giving the treating physician's opinion special weight is that he is employed to cure and has a greater opportunity to know and observe the patient as an individual." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989).

However, the ALJ need not automatically accept a treating physician's opinion. If an ALJ opts to not give a treating physician's opinion controlling weight, the ALJ must apply the factors set out in 20 C.F.R. § 404.1527(c)(2)(i)-(ii) and (c)(3)-(6) in determining how much weight to give the opinion, including supportability and consistency with the medical record as a whole. When evidence in the record contradicts the opinion of a treating physician, the ALJ must present "specific and legitimate reasons" for discounting the treating physician's opinion, supported by substantial evidence. *Bray v. Comm'r of Soc.*

*Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). Opinions of non-treating or non-examining physicians constitute substantial evidence "when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Id*.

In this case, Heye-Ryberg submitted reports from two treating physicians, Dr. Walker and Dr. Lambiris. (ECF No. 16-1 at 238-239, 698-703, 848-851). These reports greatly differ in their assessment of Heye-Ryberg's capabilities. For example, Dr. Walker opined that Heye-Ryberg could sit for six hours total during a workday, while Dr. Lambiris stated that Heye-Ryberg could only sit for less than two hours total. (*Id.* at 233, 699, 849). Dr. Lambiris was also more restrictive in assessing Heye-Ryberg's ability to perform manipulative and reaching activities. (*Id.* at 700, 851).

The ALJ gave Dr. Walker's opinion more weight than Dr. Lambiris' opinion. (*Id.* at 34-35). As both doctors were treating physicians and reached contradicting opinions, the ALJ gave more weight to the opinion he found to be more consistent with the medical record as a whole. (*Id.*). Therefore, the ALJ properly gave Dr. Lambiris' opinion little weight.

The ALJ rejected Dr. Walker's opinion as to (1) Heye-Ryberg's ability to stand and walk during the workday, (2) Heye-Ryberg's manipulative limitations, (3) Heye-Ryberg's pulmonary restrictions, and (4) Heye-Ryberg's ability to "stoop, kneel, or crouch, [or] sustain a 40-hour workweek or work for a temporary period." (*Id.* at 35). The ALJ found that the limitations given in Dr. Walker's opinions were inconsistent, with the medical record, Heye-Ryberg's testimony, and Heye-Ryberg's activities of daily living. (*Id.*). The ALJ also gave great weight to the competing conclusions reached by the State Agency's non-examining physicians, "as they are consistent with the claimant's symptoms." (*Id.* at 36).

The Court finds that the ALJ gave specific and legitimate reasons, supported by substantial evidence, for rejecting the portions of Dr. Walker's opinion listed above. The ALJ concluded that Heye-Ryberg could stand and/or walk for three hours during the workday (as found by the non-examining physicians) rather than two hours (as found by Dr. Walker), because it was consistent with Heye-Ryberg's symptoms and activities of daily living. (*Id.* at 35-36). The ALJ determined that Dr. Walker's opinion that Heye-Ryberg was limited in her ability to reach, handle, finger, feel, and push (*Id.* at 700) was inconsistent with Heye-Ryberg's improvement since surgery on her left hand and testimony that her right hand is "good." (*Id.* at 27, 35, 60). In rejecting Dr. Walker's opinion regarding Heye-Ryberg's ability to be exposed to pulmonary irritants, the ALJ noted that "claimant did not present with any problems with asthma since the alleged onset date, and require no medications." (*Id.* at 35). Finally, the ALJ concluded that "the opinions that the claimant could never stoop, kneel, or crouch…are inconsistent with the discussed conservative treatment and high activities of daily living." (*Id.*). The ALJ noted that despite gaps in seeking treatment and overall conservative course of treatment, Heye-Ryberg was able to engage in daily activities such as exercising, volunteer work, loading the top of the dishwasher, sweeping, and taking short walks. (ECF No. 30-32).

Heye-Ryberg raises one final concern with the ALJ's interpretation of Heye-Ryberg's cervical and lumbar spine impairments. (ECF No. 19 at 15). Heye-Ryberg argues that the "ALJ's statements are all based on speculation and on an improper translation of medical evidence." (*Id.*). The Court finds that the ALJ properly concluded that Heye-Ryberg's spinal limitations were non-severe and properly accounted for in the given residual functional capacity. (ECF No. 16-1 at 27). Heye-Ryberg was diagnosed with degenerative disc disease less than one year before the ALJ rendered an opinion, and there was no evidence that the treatment proscribed to Heye-Ryberg could not provide relief. (*Id.*).

The Court finds that the ALJ based his determination on substantial evidence in the record. The ALJ provided clear and specific reasons for the weight given to the opinions of Dr. Walker and Dr. Lambiris. Therefore, the Court recommends denying Heye-Ryberg's motion for summary judgment and granting the Commissioner's cross-motion to affirm.

ACCORDINGLY,

IT IS RECOMMENDED that Heye-Ryberg's Motion for Summary Judgment (ECF No. 19) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm (ECF No. 20) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 23rd day of October, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE